UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM SAMUEL MCLEAN, JR., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>B.R. JETT, Warden, Federal Correctional )<br> Institution, et al., )<br>)<br>Defendants. ) | 2:08-cv-128-WTL-WGH |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff William Samuel McLean, Jr., ("McLean") has filed an amended complaint in accordance with the Entry of April 10, 2008. McLean is confined at a federal prison in this district. He alleges that while incarcerated at that facility the defendants violated his rights under the Eighth Amendment, the Rehabilitation Act of 1973 (see 29 U.S.C. § 794), and the Privacy Act of 1974. McLean claims that certain defendants have been deliberately indifferent to his serious medical needs and have failed to accommodate his disability, specifically his inability to hear or walk without support. In addition, McLean alleges that the defendants issued a false conduct report to him following a seizure, and that this false report has affected or will affect the medical treatment he receives in the future. McLean has named the following defendants: 1) the Federal Bureau of Prisons ("BOP"); 2) Warden Jett; 3) Dr. William Eric Wilson, M.D.; 4) C. McCoy, R.N.; and 5) Michael K. Nalley, Regional Director.

**I.**

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**II.**

Having considered the amended complaint in light of the foregoing standard, the court makes the following rulings:

1. The claims brought against the defendant individuals pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), shall proceed. Such claims are necessarily brought against the defendant individuals in their individual capacity. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994). An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady,* 975 F.2d 366, 369 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993). In this case, therefore, an official capacity claim against the defendant individuals would in essence be against the BOP, or the United States itself. *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.), *cert. denied,* 459 U.S. 832 (1992); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). This permits persons in McLean's position to pursue a claim for relief by "avoid[ing] the sovereign immunity that would block an action against the United States." *Sterling v. United States,* 85 F.3d 1225, 1228-29 (7th Cir. 1996). To the extent the defendant individuals are sued in their official capacities, however, the complaint is dismissed.

2. The claims against the BOP, which is mentioned only in "Claim 9" of the amended complaint, is dismissed for failure to state a claim upon which relief can be granted. The allegation in "Claim 9" is that the BOP, Warden B.R. Jett and correctional officers have approved and implemented the "Stelth-recreation-sight-up-system" in violation of McLean's Eight and Fourteenth Amendment rights. The BOP is not a proper defendant in a *Bivens* action, *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

3. McLean shall have **through December 2, 2008,** in which to state a plausible basis for any claim pursuant to the Rehabilitation Act of 1973 or the Privacy Act of 1974 (5 U.S.C. § 552a) against any of the defendants.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendants Warden Jett, Dr. William Eric Wilson, C. McCoy, R.N., and Michael K. Nalley. Process shall consist of a summons. Because McLean is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the **amended complaint (dkt 9)**, filed on May 16, 2008, a copy of the motion for preliminary injunction (dkt 10) filed on June 25, 2008, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 10/30/2008

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Samuel McLean, Jr.
Reg No. 04259-078
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204