## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM SAMUEL MCLEAN, JR., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, 　　　　　　)<br>　vs.　　　　　　　　　　　　　　　)　　2:08-cv-128-WTL-WGH<br>　　　　　　　　　　　　　　　　　)<br>FEDERAL BUREAU OF PRISONS, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. 　　　　　)| |

**Entry Discussing Motion to Reconsider**

Plaintiff McLean was formerly confined in a federal prison located in this District. Based on the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), McLean sued the defendant individuals for their asserted violation of his right under the Eighth Amendment to be free from the imposition of cruel and unusual punishment. There were three distinct claims asserted against the defendant individuals.

The defendants appeared in the action and interposed as an affirmative defense as to one of those claims that the plaintiff had failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and argued that there was no triable question as to the remaining two claims. After briefing, the defendant individuals prevailed on these arguments through the issuance of a ruling on March 31, 2009, granting their motion for summary judgment. That ruling did not resolve all claims against all parties, leaving claims against the Federal Bureau of Prisons for further development and resolution. No partial final judgment was issued, although the claims against the defendant individuals were resolved through the ruling described.

McLean, who is now confined at a federal prison in Arizona, has filed a motion to reconsider the ruling granting the defendant individuals' motion for summary judgment as described above.

The court has the inherent authority to reconsider its interlocutory rulings, including the ruling of March 31, 2009. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943). see also Fed.R.Civ.P. 54(b) (providing that any order not certified under Rule 54(b) and which adjudicates fewer than all the claims as to all the parties "is subject to revision at any time before the entry of [final] judgment").

A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). "[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments." *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978,* 794 F.Supp. 261, 267 (N.D.Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993).

McLean seeks reconsideration based on his assertion that he did not receive a copy of the court's *Local Rules.* This may be a misstatement intended to convey the claim that he did not receive the notice to a pro se litigant required by Local Rule 56.1(h). Even if so, however, the motion to reconsider fails. First, the nature of McLean's response to the motion for summary judgment leaves no doubt that he was fully informed as to the nature of the motion, the proper manner in which to respond, and the consequences of failing to do so. The court's ruling on the motion for summary judgment shows that the evidentiary assertions properly presented by McLean in opposition to the motion were considered in ruling on the motion. Second, McLean has not demonstrated through his motion to reconsider that he was prejudiced by the court's ruling on the motion for summary judgment, regardless of what proceedings were conducted and information conveyed prior to that ruling. *See In re Bartle,* 560 F.3d 724, 730 (7th Cir. 2009) (Rule 61 of the *Federal Rules of Civil Procedure* dictates that error in giving notice to a party is to be disregarded if it does not affect a party's substantive rights). His failure to do so consists in not demonstrating how, had the assertedly omitted information been provided to him, he could and would have responded to the motion for summary judgment in such a fashion that the court would have found a genuine issue for trial.

Based on the foregoing, therefore, McLean's motion for reconsideration (dkt 144) is **denied.**

**IT IS SO ORDERED.**

Date: 08/23/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Samuel McLean
REG NO 04259-078
Federal Correctional Institution - Phoenix
37910 N. 45th Ave
Phoenix, AZ 85086

Jeffrey L. Hunter
Office of the United States Attorney
jeff.hunter@usdoj.gov