UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM SAMUEL MCLEAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:08-cv-128-WTL-WGH |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion to Dismiss**

The court has previously explained that the sole remaining claim in this case is asserted against the Bureau of Prisons ("BOP") pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq*. The BOP moves to dismiss this claim.

**Discussion**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995); *see also R.J.R. Serv., Inc. v. Aetna Cas. and Sur. Co.,* 895 F.2d 279, 280 (7th Cir. 1989) (holding a court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law.").

In his amended complaint, plaintiff McLean alleges that officials at the federal prison in Terre Haute violated the Rehabilitation Act by failing to provide him with necessary recreation. He asks for the following relief pertaining to a possible Rehabilitation Action claim: "[t]hat the B.O.P. allow me to have recreation," to issue a vibrating alarm watch as a medical device, to change the sign-up system for recreation so individuals were individually asked, to transfer him to another facility, and to allow him to be seen by an outside doctor. McLean also requested the amount of "1,000.000" [sic] for damages. In other words, McLean seeks injunctive relief with respect to the conditions of his confinement at the Terre Haute facility and seeks money damages from the BOP.

McLean's claim for injunctive relief must fail because he has been transferred to a federal prison in Arizona. This is shown through the clerk's docket and a series of pretrial conferences in which the plaintiff has participated. The relief McLean seeks is related to the condition he alleges he was subjected to at that prison–the alleged lack of recreation. Because he has been transferred out of Terre Haute, the relief he seeks is moot. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

McLean's claim for monetary damages also fails because the United States has not waived its sovereign immunity to allow an award of monetary damages under the Rehabilitation Act. *See Lane v. Pena*, 518 U.S. 187 (1996)("§ 505(a)(2) [of the Rehabilitation Act, codified at 29 U.S.C. § 794a(a)(2)] does not, without more, establish that Congress has waived the Federal Government's immunity against monetary damages awards beyond the narrow category of . . . violations committed by federal funding agencies acting as such-that is, by 'Federal providers.'"); *Thompson v. United States,* 2010 WL 1910293, *3 (W.D.N.Y. 2010)("Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except ere a federal agency is acting as a 'Federal provider' of financial assistance.")(internal quotation marks omitted) (quoting *Hollman v. Lindsay,* 2009 WL 3112076, at *9 n.6 (E.D.N.Y.2009) (quoting *Sarvis v. United States,* 2000 WL 1568230, at * 2 (2nd Cir. 2000) (affirming dismissal of prisoner's Rehab Act claim against Bureau of Prisons, citing *Lane,* 518 U.S. at 193).

McLean has not alleged that the BOP is such a "federal provider." Because the same remedy provision at issue here was at issue in *Lane, Lane's* analysis is controlling.

Without a waiver of sovereign immunity, McLean's claim for monetary damages cannot proceed.

## Conclusion

A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)). That is what the plaintiff has done with respect to his claim pursuant to the Rehabilitation Act against the BOP. The BOP's motion to dismiss [175] is **granted**. All claims against all parties have now been resolved. Judgment consistent with this Entry shall now issue.

The conference scheduled for October 12, 2011, is **vacated.**

**IT IS SO ORDERED.**

Date: 07/11/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

WILLIAM SAMUEL MCLEAN
REG NO 04259-078
PHOENIX - FCI
PHOENIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
37910 N 45TH AVE
PHOENIX, AZ 85086